# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ABINGDON DIVISION

| | | |
|---|---|---|
| **FIRST SENTINEL BANK,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:17CV00043 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **UNITED STATES OF AMERICA, ET AL.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| | ) | |
| Defendants. | ) | |

*Mark L. Esposito and M. Shaun Lundy, PennStuart, Bristol, Tennessee, for Plaintiff; Catriona M. Coppler and Ryan O. McMonagle, Trial Attorneys, Tax Division, U.S. Department of Justice, Washington, D.C., for United States.*

In this civil case, the plaintiff bank seeks a determination that its mortgage lien survived a non-judicial foreclosure sale of the subject real property and that tax liens against the property are inferior and must be discharged, despite statutorily inadequate notice of the sale to the Internal Revenue Service. The United States has moved to dismiss the Complaint for lack of subject-matter jurisdiction, contending that the United States has not waived its sovereign immunity as to this kind of case. For the reasons that follow, I conclude that the instant case is a quiet title action for which the United States has waived its sovereign immunity, and therefore the court has jurisdiction.[1]

---

[1] The plaintiff has sued both the United States and the Internal Revenue Service, but the United States' motion covers jurisdiction over the cause of action against both.

I.

The Complaint alleges the following facts, which appear to be undisputed. Edson L. Knapp and Renda K. Knapp owned real property in Richlands, Virginia (the "Property"). The Knapps executed a credit line deed of trust (the "Deed of Trust") for the benefit of First Sentinel Bank ("First Sentinel"), which granted First Sentinel a first lien security on the Property. In 2010, after First Sentinel recorded the Deed of Trust, the Internal Revenue Service ("IRS") filed federal tax liens against the Property. The tax liens total $305,439.78.

On June 11, 2013, Frederick W. Harman was appointed Substitute Trustee under the Deed of Trust. On June 28, 2013, Harman conducted a non-judicial foreclosure sale of the Property, which was purchased by First Sentinel. The Knapps owed approximately $160,000 in principal to First Sentinel, and the appraised value of the Property was $130,000.

Internal Revenue Code § 7425(b) provides that property subject to a tax lien remains subject to the lien following a non-judicial foreclosure sale unless the IRS is given at least 30 days notice of the foreclosure sale. Trustee Harman gave the IRS less than 30 days notice of the sale of the Property. Following the sale, First Sentinel requested that the IRS discharge the tax liens because the amount of principal owed to First Sentinel on the promissory note secured by the Deed of Trust exceeded the appraised value of the Property. The IRS denied the

application for a Certificate of Discharge on the ground that Harman had failed to provide adequate notice of the foreclosure sale. First Sentinel appealed the denial, and the IRS denied the appeal.

First Sentinel then filed this declaratory judgment action asking the court to declare that First Sentinel's lien on the Property survived the foreclosure sale and is superior to the tax liens. First Sentinel also seeks a declaration that the tax liens constitute a cloud on the title of the Property and that any future sale of the Property will be free and clear of the tax liens unless the sale proceeds exceed the amount owed to First Sentinel under the note secured by the Deed of Trust.

The United States responded to First Sentinel's Complaint by filing a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), asserting that this court lacks subject-matter jurisdiction because the United States has not waived its sovereign immunity for this type of claim. The motion has been fully briefed and I have heard oral argument from the parties.

II.

A motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure raises the fundamental question of whether the court is competent to hear and adjudicate the claims brought before it. The court must determine questions of subject-matter jurisdiction first, as a threshold matter, before it can address the merits of the case. *See Steel Co. v. Citizens for a Better Env't*, 523

U.S. 83, 94-95 (1998). "The plaintiff has the burden of proving that subject matter jurisdiction exists." *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). In evaluating a facial challenge to subject-matter jurisdiction, "the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). The court should grant a motion to dismiss under Rule 12(b)(1) "if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Richmond, Fredericksburg & Potomac R.R. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

The United States is immune from suit unless it gives specific consent to be sued. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). The United States has waived its immunity from suits "to quiet title to . . . real or personal property on which the United States has or claims a mortgage or other lien." 28 U.S.C. § 2410(a). The question presented by the Motion to Dismiss is whether First Sentinel's suit is an action to quiet title to real property.

The United States argues that this case is controlled by the Fourth Circuit's decision in *Kasdon v. United States*, 707 F.2d 820 (4th Cir. 1983), and that I must therefore dismiss the Complaint for lack of jurisdiction. In *Kasdon*, the plaintiffs had purchased three properties at a tax sale, and the United States held tax liens on the properties. *Id.* at 822. Under Maryland law, the plaintiffs had filed a petition

in equity to foreclose all rights of redemption, which would have allowed the plaintiffs to take the properties free of the tax liens. *Id.* At the time they filed their suit, the plaintiffs did not have possession of the properties. The court of appeals agreed with the district court's conclusion that "Congress could not have intended to include the involved type of action within the meaning of a quiet title action in section 2410(a)(1) principally because the plaintiffs did not have actual or constructive possession of the properties." *Id.* at 823. The *Kasdon* court held that the case was neither a quiet title action nor a proper judicial foreclosure action, and therefore sovereign immunity barred the suit. The lower court in *Kasdon* had stated that "[p]riorities among valid interests are the subject of foreclosure suits; the alleged invalidity of adverse interests are the subjects of quiet title actions." *Kasdon v. G. W. Zierden Landscaping, Inc.*, 541 F. Supp. 991, 995 (D. Md. 1982). The United States relies heavily on that distinction in support of its contention that First Sentinel's suit is more properly characterized as a foreclosure action than an action to quiet title.

The Fourth Circuit's opinion in *Kasdon* is brief, and the facts of that case are not identical to the case presently before me. Notably, First Sentinel has possession of the Property and is not seeking to foreclose on the Property in this action. In *Kasdon*, the plaintiff sought to foreclose rights of redemption and

thereby extinguish the federal tax liens; they did not seek to establish lien priority by declaratory judgment.

*SunTrust Mortgage, Inc. v. United States*, No. RDB-12-3631, 2013 WL 5566173 (D. Md. Oct. 8, 2013), is more similar to this case. The *SunTrust* court noted that "[t]he majority rule is that suits to adjudicate lien priority should be construed as claims to quiet title, and therefore, the United States has consented to suit with respect to such claims." *Id.* at *4. The court thoroughly examined the *Kasdon* decisions and the precedent on which they relied, as well as the legislative history of section 2410(a). The *SunTrust* court analyzed the decisions of other courts of appeals in cases with facts comparable to this case, including *Progressive Consumers Federal Credit Union v. United States*, 79 F.3d 1228, 1232-33 (1st Cir. 1996), in which the court of appeals distinguished *Kasdon* and held that § 2410(a)(1) encompasses suits concerning the validity and priority of liens. Based on its careful reading of *Kasdon*, the *SunTrust* court found that the Fourth Circuit had never "held that a quiet title action may not be employed to establish the priority of a mortgage over a federal tax lien without a challenge to the validity of the government's lien." *SunTrust*, 2013 WL 5566173, at *5.

I find the *SunTrust* and *Progressive* cases to be persuasive, and I adopt their reasoning. I do not believe that Congress intended § 2410(a)(1) to be interpreted as narrowly as the United States would construe it. I find that First Sentinel's suit

is an action to quiet title to real property, and I conclude that it falls within §
2410(a)'s waiver of sovereign immunity.  I therefore hold that this court possesses
subject-matter jurisdiction.

III.

For the foregoing reasons, it is **ORDERED** that the United States' Motion
to Dismiss, ECF No. 8, is DENIED.

ENTER:  May 29, 2018

/s/  James P. Jones
United States District Judge